**NELSON MULLINS RILEY & SCARBOROUGH LLP**
James C. Wald (Bar No. 229108)
Pacific Gateway
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone: 424-221-7459
Email: james.wald@nelsonmullins.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Brook B. Andrews (*Admitted pro hac vice*)
Meridian Building
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: 803-255-5508
Email: brook.andrews@nelsonmullins.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Joshua Redelman (*Admitted pro hac vice*)
Heritage Plaza
1111 Bagby Street, Suite 2100
Houston, TX 77002
Telephone: 346-646-5889
Email: joshua.redelman@nelsonmullins.com

*Attorneys for Defendants RavillaMed PLLC, Avinash Ravilla,*
*Shere Saidon, and LlamaLab, Inc.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| Epic Systems Corporation; et al., | Case No. 2:26-CV-00321-FMO-RAO |
| Plaintiffs, | **DEFENDANTS RAVILLAMED PLLC, AVINASH RAVILLA, SHERE SAIDON, AND LLAMALAB, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS** |
| v. | |
| Health Gorilla, Inc., et al., | |
| Defendants. | Complaint Filed: January 13, 2026 |

DEFENDANTS RAVILLAMED PLLC, AVINASH RAVILLA, SHERE SAIDON, AND LLAMALAB, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS

# **INTRODUCTION**

None of Plaintiffs' arguments change the simple fact that this suit should never have been filed.  Plaintiffs knowingly filed this lawsuit before exhausting the mandatory dispute resolution process that their own contracts require.  Rather than confront that fatal flaw directly, Plaintiffs pivot to three implausible arguments.

First, Plaintiffs claim the dispute resolution provisions are not conditions precedent to litigation because the agreements lack "unequivocal" language requiring dispute resolution.  But that is simply not so.  The agreements unambiguously use mandatory language – "shall" and "required" – that courts treat as conditions precedent to filing suit.  The only discretionary parts of the dispute resolution process are the choices a complaining party may elect *before and after mandatory dispute resolution is complete*.  Plaintiffs have taken isolated language from these provisions and used it to argue that the *entire process* is discretionary.  An honest reading of the dispute resolution procedures reveals Plaintiffs' arguments are a sleight of hand.  Those provisions are unambiguous, and they do not allow Plaintiffs to file suit before concluding the dispute resolution procedures.

Second, Plaintiffs claim they are exempt from the dispute resolution process because they seek immediate injunctive relief.  But Plaintiffs have taken no immediate action.  During the more than three months that have passed between when they first raised this dispute and when they filed suit, and during the nearly three more months have passed since then, Plaintiffs have demonstrated no urgency at all, failing to file a motion for temporary restraining order or a motion for preliminary injunction.  It makes no difference that Plaintiffs' Complaint seeks *eventual* injunctive relief.  To meet the relevant exception, Plaintiffs must pursue *immediate* injunctive relief.  They clearly have not done so.  To hold otherwise would render the word "immediate" meaningless.

Third, Plaintiffs argument that the dispute resolution process is futile also fails.  The interoperability agreements at issue do not allow Plaintiffs to opt out of dispute resolution and into court simply because they have been unhappy with prior dispute

2

resolution board outcomes or anticipate that they will fail to persuade the dispute resolution boards again. Plaintiffs' own allegations show the dispute resolution process has been functioning. Their only grievance is that they cannot control it. But that concern should have no bearing on the Court's construction and enforcement of the parties' contractual obligations. Plaintiffs are sophisticated entities who knew what they were doing when they entered into the agreements, including their dispute resolution provisions. It is far too late for Plaintiffs to renegotiate the agreements now and otherwise deprive RavillaMed from the benefit of its bargain.

Finally, as for the non-signatory defendants, Plaintiffs cannot invoke the interoperability frameworks' contractual rules as the basis for their claims while refusing to honor those same frameworks' dispute resolution requirements. Plaintiffs' claims against the RavillaMed Defendants all arise from the same common nucleus of facts – allegations that RavillaMed purportedly accessed patient health records for an improper purpose, in violation of the interoperability agreements. Long-standing principles of equitable estoppel provide that Plaintiffs should not be allowed to invoke these agreements against non-parties while simultaneously rejecting the dispute resolution process these agreements mandate for the resolution of such claims. As explained below, the Court should dismiss this case without prejudice so the parties can pursue these disputes in the forum where they belong, not stay a case that Plaintiffs never should have filed in the first place.

## ARGUMENT

### I. THE DISPUTE RESOLUTION PROVISIONS ARE CONDITIONS PRECEDENT TO LITIGATION

Plaintiffs' argument that the agreements lack "plain, clear, and unambiguous" language requiring them to finalize the dispute resolution process before filing suit simply ignores the express terms of the agreements. Pl's Opp. at 4–5.

The Carequality Implementer's Agreement states that Epic "*shall* submit Disputes to the non-binding dispute resolution process." ECF No. 1-1 at ¶ 20.1

DEFENDANTS RAVILLAMED PLLC, AVINASH RAVILLA, SHERE SAIDON, AND LLAMALAB, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS

(emphasis added).   The Connection Terms similarly state that Connections are "*required* to undertake these efforts in the event of a Dispute before seeking any other recourse." ECF No. 1-2 at ¶ 9.2 (emphasis added).  The TEFCA Common Agreement similarly provides that all parties "agree[] to participate in the Dispute Resolution Process with respect to any Dispute."  ECF No. 1-5 at ¶ 15.1.  All three agreements make clear that the parties may initiate litigation *only* after exhausting the dispute resolution process.  ECF No. 1-1 at ¶ 20.5 (an applicant may "pursue any remedies available to it in a court of competent jurisdiction" only after "following the Dispute Resolution Process"); ECF No. 1-2 at ¶ 19.2; ECF No. 1-5 at ¶ 15.1 (only "following the completion of the Dispute Resolution Process," can a party pursue any remedies available to it in a court of competent jurisdiction).

Operative terms like "shall," "required," "following," and "before seeking any other recourse" are textbook condition precedent language.  Courts have consistently dismissed complaints where such terms were present.  *See*, *e.g.*, *Target Corp. v. Wolters Kluwer Health, Inc.*, 2015 WL 12646483, at *2 (C.D. Cal. Dec. 16, 2015) (holding  that the term "shall" was a condition precedent where the parties agreed to "follow and participate in" dispute resolution process "before pursuing any other remedy"); *Sor Tech., LLC v. MWR Life, LLC*, 2019 WL 4060350, at *1 (S.D. Cal. Aug. 28, 2019) (same where the parties "were required to 'attempt to resolve [any] dispute in good faith through mediation' before filing a lawsuit").

Plaintiffs contend the agreements "encourage—but do ***not*** require—parties to utilize the non-binding dispute resolution process."  Pl's Opp. at 6.  That argument, however, dodges the point.  It does not take a sophisticated legal analysis to determine that Plaintiffs' argument is a ruse.  The agreements create a multi-step process: (1) good faith informal discussions are encouraged prior to referral to formal dispute resolution; (2) if informal discussions fail to resolve the dispute, a complaining party can choose to refer the dispute to the formal dispute resolution process; and (3) if – and *only* if – the formal dispute resolution process is resolved, the participating parties

4

DEFENDANTS RAVILLAMED PLLC, AVINASH RAVILLA, SHERE SAIDON, AND LLAMALAB, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS

can then file a lawsuit. ECF No. 1-5 (TEFCA's Common Agreement); ECF No. 1-2 (Carequality Connection Terms); ECF No. 1-1 (Implementer's Agreement).

To the extent these agreements contain any discretionary language, it is because complaining parties always retain the discretion to pursue or withdraw their complaint and make a choice at each step of the multi-stage process to continue or complete the dispute.  But the choices available to the parties to these agreements are limited and narrow based on the clear and express language in the agreements themselves – a party can escalate or deescalate the matter based on the steps the agreements identify. Regardless of whatever discretionary language the agreements may use to define those narrow choices, the agreements use no discretionary language when describing a party's right to file suit.  The agreements unequivocally foreclose litigation before a complaining party exhausts formal dispute resolution procedures.  Plaintiffs' attempt to handpick a few discretionary choices in the dispute resolution procedures to suggest that the *entire process* is discretionary is both a logical calamity and an "absurd conclusion" this Court cannot allow.  *ASP Props. Grp., L.P. v. Fard, Inc.*, 133 Cal. App. 4th 1257, 1269 (2005).

Apparently recognizing the weakness in their own arguments, Plaintiffs wrongly argue that the consequence for bypassing the dispute process is merely contractual suspension, not a bar to litigation.  Pl's Opp. at 6.  That distinction is false. Courts routinely enforce contractual pre-litigation requirements as conditions precedent without requiring that the contract separately prohibit courts from accepting a plaintiff's complaint.  *See Salinas Valley Mem'l Healthcare Sys. v. Monterey Peninsula Horticulture, Inc.*, No. 17-CV-07076-LHK, 2019 WL 2569545, at *4–6 (N.D. Cal. June 21, 2019) ("District courts have dismissed claims" when dispute resolution provisions, as conditions precedent to litigation, have not been followed). Here, the agreements unambiguously require prior dispute resolution as a condition precedent to filing suit.  *Id.*  For this very reason, enforcement of the contract requires

DEFENDANTS RAVILLAMED PLLC, AVINASH RAVILLA, SHERE SAIDON, AND LLAMALAB, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS

dismissal without prejudice, rather than a stay.  It is the only remedy that places the parties where they would be if Plaintiffs had honored the contracts.

## II.  PLAINTIFFS HAVE NOT PURSUED IMMEDIATE INJUNCTIVE RELIEF

Plaintiffs argue that simply requesting injunctive relief in their Complaint suffices to establish that they are "pursuing immediate injunctive relief."  Pl's Opp. at 7–8.  This is an extraordinary claim that defies both law and common sense. Plaintiffs' argument strips the word "immediate" of all meaning.  If Plaintiffs are seeking "immediate" injunctive relief, so too is every other run-of-the-mill plaintiff making a prayer for injunctive relief.

The agreements' carveouts are narrow: they apply when a party "pursues immediate injunctive relief . . . in a court of competent jurisdiction."  ECF No. 1-1 at ¶ 20.2.1; *see also* ECF No. 1-2 at ¶ 9.3; ECF No. 1-5 at ¶ 15.2.1.  The word "pursues" means to "follow persistently in order to obtain," not to mention in a prayer for relief and then take no further action for months.  PURSUE, Black's Law Dictionary (12th ed. 2024) ("To follow persistently in order to seize or obtain"). The agreements' internal logic confirms this; if the immediate injunctive relief is *not granted,* the party must return to dispute resolution.  ECF No. 1-1 at ¶ 20.2.2; ECF No. 1-2 at ¶ 9.3; ECF No. 1-5 at ¶ 15.2.2.  A complaint allegation can never be "granted" or "denied."  Only a motion can.

Plaintiffs argue that the agreements do not expressly require them to file a motion for a temporary restraining order ("TRO") or preliminary injunction.  Pl's Opp. at 7.  But the plain meaning of "pursuing immediate injunctive relief" in a court requires actually *doing something* in that court to obtain relief.  Plaintiffs have done nothing to obtain *immediate* injunctive relief.  Plaintiffs filed suit January 13, 2026. ECF No. 1.  As of this filing, not even one of the Plaintiffs has moved for a TRO or a preliminary injunction against the RavillaMed Defendants.  That is not pursuit of immediate relief; it is pursuit of eventual, permanent relief after litigation that could

DEFENDANTS RAVILLAMED PLLC, AVINASH RAVILLA, SHERE SAIDON, AND LLAMALAB, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS

last years. *See Kim v. City of Santa Clara*, 448 F. App'x 780, 783 (9th Cir. 2011) (Tashima, J, dissenting) (defining "immediate" as "[o]ccuring without delay; instant") (quoting Black's Law Dictionary 816 (9th ed. 2009)).

Plaintiffs' reliance on *Six Gun Territory, Inc. v. Six Gun Territory Legacy, Inc.*, 2025 WL 2853156 (M.D. Fla. Aug. 21, 2025), is misplaced. That case involved a trademark infringement dispute, where the plaintiff sought injunctive relief under the Lanham Act, 15 U.S.C. § 1116(a), on a motion for partial summary judgment and reserved the issue of damages for trial. *Six Gun Territory, Inc.*, 2025 WL 2853156, at *7. The court's description of the plaintiff's request for injunctive relief as "immediate" indicated only that it was effective immediately, despite the continuation of proceedings. Whatever the court intended in that case, Plaintiffs have filed no such motion here.

Whether former Defendant GuardDog agreed to an injunction is irrelevant. Pl's Opp. at 7. It makes no difference to the RavillaMed Defendants whether Plaintiffs entered into an agreement with an unrelated party for injunctive relief. Plaintiffs have not pursued immediate injunctive relief against the RavillaMed Defendants concerning access to the interoperability networks at issue.[1] In prosecuting their claims against the RavillaMed Defendants, Plaintiffs have demonstrated no emergency, no immediacy, and no other concerted action that would qualify as an exception to the agreements' mandatory dispute resolution process.

## III.    FUTILITY DOES NOT EXCUSE PLAINTIFFS' FAILURE TO EXHAUST THE DISPUTE RESOLUTION PROCESS

Plaintiffs argue the dispute resolution process is futile for two baseless reasons: (1) Health Gorilla made false statements during informal discussions; and (2) the process cannot award a public injunction. Pl's Opp. at 8–10. As explained below, however, neither argument supports excusing Plaintiffs from otherwise mandatory

---

[1] Nor could they, as RavillaMed's access had already been suspended. ECF No. 1 at ¶ 188.

7

dispute resolution procedures. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) ("[I]t should be kept in mind that 'questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.'").

First, Plaintiffs' futility claim rests on alleged misconduct by *Health Gorilla*, not the RavillaMed Defendants.  The alleged bad faith of one party during informal discussions does not excuse Plaintiffs from submitting their dispute to the governance boards, which are designed precisely to adjudicate such disputes independently. Displeasure with preliminary informal discussions is not futility – it is the reason the dispute resolution boards exist.

Second, Plaintiffs argue the dispute resolution process is futile because it cannot provide a public injunction as to their unfair competition law claims.  Pl's Opp. at 9–10.  But Plaintiffs' reasoning is confounding.  If a plaintiff could claim futility and bypass alternative dispute resolution ("ADR") any time they sought relief beyond what the arbitrator provided, ADR would cease to exist.  Courts have rejected this argument repeatedly.  *See id.* (Arbitration of registered securities representative's age discrimination claim was not inadequate, despite contention that arbitration procedures did not provide for broad equitable relief and class actions); *see also Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 628 (1985) ("Having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue."); *Shearson/American Express Inc. v. McMahon*, 482 U.S. 220, 239 (1987) (Potential complexity of RICO suit, overlap between RICO's civil and criminal provisions, and the public interest in enforcement of RICO, does not preclude enforcement of pre-dispute arbitration agreement).  The cure for an inadequate non-binding ADR forum is to complete the process and file suit afterward – not to ignore it.  Moreover, the process is non-binding by design, meaning Plaintiffs face no constraint on pursuing litigation – including injunctive relief – after completing it.  There is no harm to wait for the dispute resolution process to complete.

DEFENDANTS RAVILLAMED PLLC, AVINASH RAVILLA, SHERE SAIDON, AND
LLAMALAB, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS

After all, Plaintiffs have already demonstrated through their (in)actions that they do not need *immediate* relief.

## IV. EQUITABLE ESTOPPEL BARS THE NON-SIGNATORY DEFENDANTS FROM BEING SUED WITHOUT DISPUTE RESOLUTION

Plaintiffs argue equitable estoppel does not apply to their fraud and UCL claims against Dr. Ravilla, Mr. Saidon, and LlamaLab because those claims are independent of the Carequality and TEFCA agreements. Pl's Opp. at 11–14. This misreads both the doctrine and their own Complaint.

Equitable estoppel applies when claims are "intimately founded in and intertwined with" the underlying agreement. *Goldman v. KPMG, LLP*, 173 Cal. App. 4th 209, 221 (2009). Here, every claim against the Non-Signatory Defendants exists solely because of their relationship to RavillaMed's participation in those frameworks. There is no alleged fraud independent of the frameworks. There is no alleged UCL violation independent of the frameworks. The only alleged wrongdoing is that these individuals and entities assisted RavillaMed in accessing patient records for purposes defined, permitted, and restricted exclusively by the Carequality and TEFCA agreements.

Plaintiffs cite *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122 (9th Cir. 2013), and *Goldman* for the proposition that fraud and UCL claims are independent of a contract. But in those cases, the alleged misconduct was genuinely independent – a warranty defect or financial misrepresentation that would have been actionable regardless of whether the contract existed. Here, without the Carequality and TEFCA agreements, there are no patient records to access, no permitted purposes to violate, and no framework to exploit. The Complaint does not merely reference the agreements, they are the source of every duty Plaintiffs allege was breached.

The Complaint confirms this for LlamaLab specifically: Plaintiffs allege LlamaLab's access to patient records was exclusively "through RavillaMed's access to the patient records by RavillaMed's connection to the interoperability

9

frameworks." ECF No. 1 at ¶ 199. That is not an independent tort. It is a claim that derives entirely from the contractual framework. Plaintiffs cannot use the frameworks' rules as a sword against non-signatories while refusing to honor those same frameworks' dispute resolution obligations.

## V. DISMISSAL WITHOUT PREJUDICE IS THE APPROPRIATE REMEDY

Plaintiffs argue for a stay rather than dismissal. Pl's Opp. at 15–16. But dismissal without prejudice is appropriate because it places the parties where they contractually agreed to be: in the dispute resolution process, not in court. A stay, by contrast, leaves this litigation pending and imposes ongoing burdens on the RavillaMed Defendants and this Court without benefit.

Whether other defendants remain in the case is irrelevant to whether the RavillaMed Defendants are entitled to the benefit of their bargain. *See Dominion Transmission, Inc. v. Precision Pipeline, Inc.*, No. 3:13-cv-442, 2013 WL 5962939 at *6 (E.D. Va. 2013) (explaining that the plaintiff is entitled to the "benefit of its bargain" and therefore holding that, until the defendant complies with contractually-obligated dispute resolution, "the instant dispute should not be before this Court"); *Tattoo Art, Inc.*, 711 F.Supp.2d at 652 (dismissing the plaintiff's claims and explaining that, "by failing to request mediation prior to filing this lawsuit, Plaintiff denied Defendants the benefit of their bargain"). The appropriate remedy is dismissal of claims against the RavillaMed Defendants without prejudice, with leave to refile after the dispute resolution process is complete. *See*, *e.g.*, *Sor Tech., LLC v. MWR Life, LLC*, No. 318-cv-2358, 2019 WL 4060350, at *3 (S.D. Cal. Aug. 28, 2019) ("When a contract clause makes mediation a condition precedent to filing a lawsuit, '[f]ailure to mediate ... warrants dismissal') (quoting *Delamater v. Anytime Fitness, Inc.*, 722 F. Supp. 2d 1168, 1180–81 (E.D. Cal. 2010)).

DEFENDANTS RAVILLAMED PLLC, AVINASH RAVILLA, SHERE SAIDON, AND LLAMALAB, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS

## <u>CONCLUSION</u>

Plaintiffs filed this lawsuit prematurely. Their contracts required exhaustion of a dispute resolution process before suit. They did not exhaust it. The narrow exception for immediate injunctive relief required immediate action. They took none. Their futility arguments are premised on alleged conduct by others and displeasure with the pace of private resolution. And their attempt to sue non-signatory defendants while relying on the contractual framework those signatories agreed to honor is precisely what equitable estoppel prohibits. For the foregoing reasons, the RavillaMed Defendants respectfully request that this Court dismiss the Complaint as to the RavillaMed Defendants without prejudice.

Dated:  April 9, 2026

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By:  /s/ *James C. Wald*

JAMES C. WALD (Bar No. 229108)
Pacific Gateway
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone: 424-221-7459
Email: james.wald@nelsonmullins.com

BROOK B. ANDREWS (*Admitted pro hac vice*)
Meridian Building
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: 803-255-5508
Email: brook.andrews@nelsonmullins.com

JOSHUA REDELMAN (*Admitted pro hac vice*)
Heritage Plaza
1111 Bagby Street, Suite 2100
Houston, TX 77002
Telephone: 346-646-5889
Email: joshua.redelman@nelsonmullins.com

*Attorneys for Defendants RavillaMed PLLC, Avinash Ravilla, Shere Saidon, and LlamaLab, Inc.*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first class postage prepaid, to all counsel of record in this matter.

*/s/ James C. Wald*
James C. Wald

CERTIFICATE OF SERVICE