**AKIN GUMP STRAUSS HAUER & FELD LLP**
Marshall L. Baker (SBN 300987)
mbaker@akingump.com
Lauren E. Huennekens (SBN 328855)
lhuennekens@akingump.com
1999 Avenue of the Stars, Suite 600
Los Angeles, CA  90067-6022
Telephone:   310.229.1000
Facsimile:   310.229.1001

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Anthony T. Pierce (*pro hac vice*)
apierce@akingump.com
Mark R. Herring (*pro hac vice*)
mherring@akingump.com
Caroline L. Wolverton (*pro hac vice*)
cwolverton@akingump.com
Laura Hill (*pro hac vice*)
lhill@akingump.com
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, DC  20006-1037
Telephone:   202.887.4000
Facsimile:   202.887.4288

*Attorneys for Plaintiffs Epic Systems Corporation, OCHIN, Inc.,*
*Reid Hospital & Health Care Services, Inc., Trinity Health Corporation,*
*and UMass Memorial Health Care, Inc.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Epic Systems Corporation; OCHIN, Inc.; Reid Hospital & Health Care Services, Inc. d/b/a Reid Health; Trinity Health Corporation; and UMass Memorial Health Care, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Health Gorilla, Inc.; RavillaMed PLLC; Avinash Ravilla; Shere Saidon; LlamaLab, Inc.; Unique Medi Tech LLC, d/b/a Mammoth Dx; Mammoth Path Solution, LLC; Mammoth Rx, Inc.; Ryan Hilton; Daniel Baker; Max Toovey; Unit 387 LLC; SelfRx, LLC d/b/a Myself.Health; Critical Care Nurse Consultants, LLC d/b/a GuardDog Telehealth; Hoppr, LLC; Meredith Manak, and DOES 1-100, <br><br> Defendants. | Case No. 2:26-cv-00321-FMO-RAO <br><br> Assigned to:  Hon. Fernando Olguin <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> Date Action Filed:       January 13, 2026 |

Plaintiffs Epic Systems Corporation, OCHIN, Inc., Reid Hospital & Health Care Services, Inc. d/b/a Reid Health, Trinity Health Corporation, and UMass Memorial Health Care, Inc. (collectively, "Plaintiffs") and Defendants Health Gorilla, Inc., RavillaMed PLLC, Avinash Ravilla, Shere Saidon, LlamaLab, Inc., Unique Medi Tech, LLC, d/b/a Mammoth Dx, Mammoth Path Solution, LLC, Mammoth Rx, Inc., Ryan Hilton, Daniel Baker, Max Toovey, Unit 387 LLC, Hoppr, LLC, and Meredith Manak (collectively, the "Defendants" and, together with Plaintiffs, the "Parties"), by and through their counsel of record, hereby stipulate and agree to this Stipulated Protective Order[1] as follows:

## 1.   <u>GENERAL PROVISIONS</u>

1.1   <u>Purpose and Limitations</u>.  Disclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

1.2   <u>Good Cause Statement</u>.  This action is likely to involve sensitive personal information, including third parties' personally identifiable information, individually identifiable health information as defined by 45 C.F.R. § 160.103, and other confidential and proprietary medical information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  This action may also involve confidential and proprietary business information.  Such information may consist of, among other things, confidential business or financial information; information regarding confidential business practices; other confidential

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

research, development, or commercial information, including information implicating third parties' privacy rights; financial, marketing, planning, strategic, investigative, or other internal information, data, analyses, or specifications of a proprietary or confidential nature; and information otherwise generally unavailable to the public or that may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

1.3    Acknowledgement of Procedure for Filing Under Seal.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal,  *see Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification must be made with respect to Protected Material that a party seeks

3

STIPULATED PROTECTIVE ORDER

to file under seal.  The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## 2.    DEFINITIONS

2.1    Action:  the above-captioned federal lawsuit.

2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

4

2.4    Counsel:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that contains highly sensitive non-public business, financial, personal, health, or trade secret information that the Producing Party reasonably determines in good faith would likely cause significant competitive or commercial harm to that party if disclosed and would not otherwise be adequately protected under the procedures set forth herein for "CONFIDENTIAL" information or items.  Accordingly, where Protected Health Information or individual patient identifiers appear within, or are inextricably derived from, data packages, medical records, or transaction/query logs, they constitute PHI under 45 C.F.R. § 160.103 and may be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, particularly given that the unredacted disclosure of massive quantities of non-party patient data poses severe third-party privacy risks and commercial vulnerabilities.

2.9    In-House Counsel:  attorneys who are employees of a party to this Action and/or are retained by a party as general counsel.  In-House Counsel does not include

5

Outside Counsel of Record or any other outside counsel except for retained general counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.12    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    PHI:  Protected Health Information, as that term is defined under the Health Insurance Portability and Accountability Act of 1996 and the Health Information Technology for Economic and Clinical Health ("HITECH") Act of 2009 (together with their implementing regulations, "HIPAA").

2.14    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.17    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from

6

Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in depositions, the Parties shall have 30 days after receipt of the transcript to designate any portion of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The 30-day period to

8

designate transcript material shall begin to run when the transcript is first delivered to the parties, as opposed to the expiration of a period to read and sign or the receipt of any errata.    Until expiration of the 30-day period to designate transcript material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the transcript shall be treated as "CONFIDENTIAL" in its entirety.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

STIPULATED PROTECTIVE ORDER

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (Final Disposition).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

STIPULATED PROTECTIVE ORDER

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.   Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     <u>Terms Specific to Protected Material Containing PHI</u>.  These terms apply to a particular subset of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items, specifically information or items that contain PHI.

In accordance with HIPAA's requirements, specifically 45 C.F.R. § 164.512(e)(1)(ii)(B) and § 164.512(e)(1)(v), this Order is a HIPAA qualified protective order as defined by § 164.512(e)(1)(v).  PHI information and items may not be disclosed or used by any Party, individual, or entity specified in section 7.2 for purposes other than litigating the present Action.  If any Party wishes to use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items containing PHI in any affidavits, briefs, memoranda, exhibits, motions, or other papers filed in court in this action, then such Party shall file a request to seal documents with the Court.  However, any Party may publicly file papers that describe, summarize, or quote PHI as long as that Party (1) redacts the name, date of birth, and any other identifying information of the individual to whom the PHI pertains or that individual's relatives, employers, or household members; (2) complies with 45 C.F.R. § 164.514(b)(2)'s deidentification requirements; (3) simultaneously files an unredacted version under seal; and (4) provides a copy of the

11

unredacted version to other Parties.  Similarly, any Party may publicly file a document containing deidentified information relating to an individual (such as a medical record) so long as the Party complies with the four aforementioned requirements.

Pursuant to 45 C.F.R. § 164.512(e)(1) and in compliance with HIPAA, Parties' Counsel, each Party's employees or agents, and all Non-Party Covered Entities and Business Associates are expressly and specifically authorized to disclose or use PHI in accordance with this order to the extent necessary to:

(a)    respond to interrogatories, requests for admission, or requests for production of documents served pursuant to the Federal Rules of Civil Procedure in this Action seeking PHI;

(b)    request interviews or depositions and interview, depose, or respond in interviews or depositions in which PHI might be disclosed;

(c)    prepare briefs and other materials for the Court so long as such materials are treated in accordance with this section of the Protective Order; and

(d)    disclose PHI to a party's experts, consultants, and their employees and agents, regardless of whether the expert is a consulting or testifying expert.

Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of HIPAA compliance, any person or entity authorized or ordered as described above to use or disclose PHI is expressly and specifically authorized to do so with, to, or before any Professional Vendors designated by a party or a party's legal counsel in this case.  The protections and requirements of Sections 7 and 10 of this Protective Order must be imposed on Professional Vendors as a condition of any Professional Vendor's receipt of PHI.  Each party or the party's legal counsel is charged with obtaining advance consent of such Professional Vendor to comply with this Section.  Upon such consent, the Professional Vendor will be deemed to have voluntarily submitted to this Court's jurisdiction during the pendency of this case for purposes of enforcement of this Section, including but not limited to the imposition of such sanctions as may be appropriate for any non-compliance.

STIPULATED PROTECTIVE ORDER

To the extent that the uses and disclosures of PHI authorized under this Protective Order may be permitted under other provisions of the HIPAA Privacy Rule, such uses and disclosures are made pursuant to and in accordance with 45 C.F.R. § 164.512(e). This section does not apply to uses and disclosures of PHI that are not authorized under this Protective Order.

All information or items designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that contain PHI produced, transmitted, or otherwise received electronically must be maintained in a reasonably secure manner and guarded against re-disclosure for the life of the record, until the final disposition of this Action, at which time such PHI must be returned or destroyed in accordance with Section 13 of this Stipulated Protective Order.

7.3.3   <u>Depositions Involving PHI</u>.  PHI may be shown to a deponent only to the extent reasonably necessary for this Action.  Any deposition testimony or exhibit that reveals Protected Material containing PHI shall be treated as "CONFIDENTIAL" from the time of disclosure and may be designated as "CONFIDENTIAL" notwithstanding any otherwise applicable designation deadline.

7.3.4   <u>Inadvertent Disclosure or Public Filing of PHI</u>.  If any Party learns that PHI has been disclosed in a manner not authorized by this Order, including by filing or otherwise making PHI available on the public docket, that Party shall promptly (a) notify the Designating Party and all other Parties, (b) take all reasonable steps to retrieve, secure, and prevent further dissemination of the PHI, and (c) take all reasonable steps to remove the PHI from the public record (including by seeking sealing, redaction, or other appropriate relief).

7.4   <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, the Receiving Party may disclose any information or item marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

13

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the Receiving Party's In-House Counsel, provided that: (i) within ten (10) business days of the entry of this Order, or no fewer than five (5) business days before first requesting or receiving access to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material, the Receiving Party identifies such In-House Counsel by name to the Designating Party to establish a definitive list of designated individuals; (ii) the Receiving Party certifies in writing that such named In-House Counsel does not have competitive decision-making authority on behalf of the Receiving Party concerning health information exchange product pricing, strategy, or development; (iii) such In-House Counsel has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (iv) disclosure to such In-House Counsel is reasonably necessary for this Action.  By entering into this Stipulated Protective Order, Plaintiffs do not acknowledge or concede that they, or any of their products or services, compete with any Defendant or any Defendant's products or services.

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reports and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) the deposing party requests that

STIPULATED PROTECTIVE ORDER

the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.5    <u>Use of Artificial Intelligence</u>. Documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be submitted to any public Generative AI tool (i.e., ChatGPT) or any substantially similar tool that is available to the public.  Providing such information to an open tool is considered an unauthorized disclosure.  The obligations and restrictions of this paragraph apply even where the data, documents, or information have been anonymized.  To the extent that documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" are submitted by a Receiving Party to a non-public, enterprise instance of a Generative AI tool that does not permit the disclosure of information outside the enterprise and prohibits the use of data input for training purposes, any searches and output from such tools must be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" based on the designation of the information involved.

**8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

16

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

STIPULATED PROTECTIVE ORDER

## 11. **<u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), unintentional or inadvertent disclosure of material subject to the attorney-client privilege or attorney-work product protection shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection in this or any other proceeding in federal or state court.

## 12. **<u>MISCELLANEOUS</u>**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 13. **<u>FINAL DISPOSITION</u>**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all

Protected Material to the Producing Party or destroy such material. Notwithstanding the foregoing, with respect to Protected Material containing PHI, all Receiving Parties must return or destroy such PHI (including all copies made) within 60 days of the final disposition of this Action, as required by 45 C.F.R. § 164.512(e)(1)(v)(B), regardless of whether a written request is made. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, provided that any PHI contained within such archival copies is redacted or de-identified in accordance with 45 C.F.R. § 164.514(b). Counsel shall not retain original, unredacted Discovery Materials consisting of PHI in an archival copy, and shall not disclose the portions of any archival materials containing information or items consisting of PHI to any person except under court order, pursuant to the consent of the individual(s) whose PHI is contained in the material or as otherwise permitted in this Order. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (Duration).

**14.   VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

19

STIPULATED PROTECTIVE ORDER

**IT IS SO STIPULATED.**

Dated:  June 23, 2026                    **AKIN GUMP STRAUSS HAUER & FELD LLP**

By: */s/ Marshall L. Baker*
      Marshall L. Baker
      Anthony T. Pierce (*pro hac vice*)
      Mark R. Herring (*pro hac vice*)
      Caroline L. Wolverton (*pro hac vice*)
      Laura Hill (*pro hac vice*)
      Lauren E. Huennekens

*Attorneys for Plaintiffs*
*Epic Systems Corporation, OCHIN, Inc.,*
*Reid Hospital & Health Care Services, Inc.,*
*Trinity Health Corporation, and UMass Memorial*
*Health Care, Inc.*

Dated:  June 24, 2026                    **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: */s/ Adam Wolfson*
      Adam Wolfson
      Ryan Landes
      David M. Elihu
      Julia S. Choe
      Jenny Braun

*Attorneys for Defendant*
*Health Gorilla, Inc.*

Dated:  June 23, 2026                    **NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: */s/ Brook B. Andrews*
      Brook B. Andrews
      James C. Wald
      Joshua Redelman

*Attorneys for Defendants*
*RavillaMed PLLC, Avinash Ravilla, Shere Saidon,*
*and LlamaLab, Inc.*

20

Dated: June 24, 2026

**BIRD, MARELLA, RHOW, LINCENBERG, BROOKS & NESSIM, LLP**

By: */s/ Alexander H. Tran*
        Alexander H. Tran
        Ekwan E. Rhow
        Sharon Mayer
        Melissa C. Decker

*Attorneys for Defendants*
*Unique Medi Tech LLC d/b/a Mammoth Dx, Mammoth Path Solution, LLC, Mammoth Rx, Inc., and Ryan Hilton*

Dated: June 24, 2026

**LAW OFFICE OF PETER BRONSTEIN**

By: */s/ Peter Bronstein*
        Peter Bronstein

*Attorneys for Defendant*
*Daniel Baker*

Dated: June 24, 2026

**KINGFISHER LAW APC**

By: */s/ Nithin Kumar*
        Nithin Kumar

*Attorneys for Defendant*
*Max Toovey*

Dated: June 24, 2026

**BLANK ROME LLP**

By: */s/ Neakzaad Horriat*
        Neakzaad Horriat
        Christopher Petersen
        Alycia S. Tulloch
        Mark L. Johansen

*Attorneys for Defendants*
*Unit 387, LLC, Hoppr, LLC, and Meredith Manak*

21

# **EXHIBIT A**

## **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [*print or type full name*], of _____ [*print or type full address*], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [*insert date*] in the case of *Epic Systems Corporation, et al. v. Health Gorilla, Inc., et al.*, No. 2:26-cv-00321-FMO-RAO.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [*print or type full name*] of _____ [*print or type full address and telephone number*] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER

## <u>ATTORNEY ATTESTATION</u>

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatures listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  June 25, 2026

By: */s/ Marshall L. Baker*
Marshall L. Baker
**AKIN GUMP STRAUSS HAUER & FELD LLP**

*Counsel for Plaintiffs Epic Systems Corporation, OCHIN, Inc., Reid Hospital & Health Care Services, Inc. Trinity Health Corporation, and UMass Memorial Health Care, Inc.*

23

STIPULATED PROTECTIVE ORDER