Ekwan E. Rhow - State Bar No. 174604
erhow@birdmarella.com
Sharon Mayer - State Bar No. 212862
smayer@birdmarella.com
Alexander H. Tran - State Bar No. 338940
atran@birdmarella.com
Melissa C. Decker – State Bar No. 330062
mdecker@birdmarella.com
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants Unique Medi Tech LLC, d/b/a Mammoth Dx, Mammoth Path Solution, LLC, Mammoth Rx, Inc. and Ryan Hilton

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Epic Systems Corporation; OCHIN, Inc.; Reid Hospital & Health Care Services, Inc. d/b/a Reid Health; Trinity Health Corporation; and UMass Memorial Health Care, Inc.,

Plaintiffs,

v.

Health Gorilla, Inc.; RavillaMed PLLC; Avinash Ravilla; Shere Saidon; LlamaLab, Inc.; Unique Medi Tech LLC, d/b/a Mammoth Dx; Mammoth Path Solution, LLC; Mammoth Rx, Inc.; Ryan Hilton; Daniel Baker; Max Toovey; Unit 387 LLC; SelfRx, LLC d/b/a Myself.Health; Critical Care Nurse Consultants, LLC d/b/a GuardDog Telehealth; Hoppr, LLC; Meredith Manak, and DOES 1-100,

Defendants.

CASE NO. 2:26-cv-00321-FMO

Assigned to Hon. Fernando M. Olguin

**BIRD, MARELLA, RHOW, LINCENBERG, DROOKS & NESSIM, LLP'S AND ALL OF ITS COUNSEL OF RECORD'S, MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS UNIQUE MEDI TECH LLC, D/B/A MAMMOTH DX, MAMMOTH PATH SOLUTION, LLC, MAMMOTH RX, INC. AND RYAN HILTON**

*[Filed concurrently with Declaration of Ekwan Rhow; and [Proposed] Order]*

Date: August 13, 2026
Time: 10:00 a.m.
Crtrm.: 6D

Action Filed: January 13, 2026

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on August 13, 2026 at 10:00 a.m., or as soon as the matter may be heard in the above-entitled Court, located at 350 West 1st Street, Los Angeles, California 90012, in Courtroom 6D, Bird, Marella, Rhow, Lincenberg, Drooks & Nessim, LLC and all of its counsel of record in this matter—Ekwan E. Rhow, Sharon Mayer, Alexander H. Tran, and Melissa C. Decker (collectively, the "Firm")—seek an order allowing the Firm to withdraw as counsel for Defendants Unique Medi Tech LLC, d/b/a Mammoth Dx; Mammoth Path Solution, LLC; Mammoth Rx, Inc.; Ryan Hilton; (collectively, "Defendants"). The Firm makes this motion pursuant to Local Rule 83-2.3.2, and on the following grounds:

*First*, good cause exists for the Firm to withdraw as counsel of record for Defendants pursuant to California Rule of Professional Conduct ("CRPC") 1.16(b)(4) and (5) because Defendants have breached material terms of the engagement agreement, such that it has become unreasonably difficult for the Firm to carry out the representation effectively and in a manner consistent with its professional and ethical obligations.

*Second*, the Firm has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of Defendants, including by providing Defendants with sufficient notice to permit Defendants to retain other counsel.

Consistent with Local Rules 83-2.3.2 and 83-2.3.4, the Firm has provided written notice reasonably in advance of filing this motion to the client and to all other parties who have appeared in the action. On July 1, 2026, and earlier, the Firm notified Defendants in writing of its intention to file the motion, and of the consequences of failing to obtain other counsel to represent the entity Defendants. (Declaration of Ekwan Rhow ("Rhow Decl.") ¶¶ 6-7) On July 8, 2026, the Firm notified counsel for Plaintiffs of its intention to file the motion. (*Id.* ¶ 8.) Plaintiffs' counsel indicated that Plaintiffs do not oppose the filing of this motion or the

requested withdrawal relief, but reserve the right to respond to the motion at a later time. (*Id.*)

This Motion is supported with the following Memorandum of Points and Authorities, the Declaration of Ekwan Rhow, the pleadings and records on file in this case, and any other matters that the Court may consider.

DATED: July 9, 2026

Ekwan E. Rhow
Sharon Mayer
Alexander H. Tran
Melissa C. Decker
Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP

By: */s/ Ekwan E. Rhow*
Ekwan E. Rhow
Attorneys for Defendants Unique Medi Tech LLC, d/b/a Mammoth Dx, Mammoth Path Solution, LLC, Mammoth Rx, Inc. and Ryan Hilton

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Consistent with the Local Rules for the Central District of California and the California Rules of Professional Conduct ("CRPC"), Bird, Marella, Rhow, Lincenberg, Drooks & Nessim, LLC and all of its counsel of record in this matter (collectively, the "Firm") seek to withdraw as counsel of record for Defendants Unique Medi Tech LLC, d/b/a Mammoth Dx, Mammoth Path Solution, LLC, Mammoth Rx, Inc. and Ryan Hilton (collectively, "Defendants").

As discussed below, Defendants have materially breached the terms of their engagement agreement with the Firm, rendering it unreasonably difficult for the firm to carry out the representation effectively. In particular, Defendants have failed to comply with their contractual obligations to compensate the Firm for its work.

Good cause exists for the Firm to withdraw as counsel of record for Defendants in this action, and such withdrawal will not prejudice them and the other litigants, harm the administration of justice, or delay the proceedings. Moreover, the Firm has provided Defendants with adequate notice as required under the Local Rules.

## II. ARGUMENT

Local Rule 83-2.3.2 provides that a motion to withdraw "must be supported by good cause" and "made upon written notice given reasonably in advance to the client and to all other parties." L.R. 83-2.3.2.

### A. Good Cause Exists For The Firm to Withdraw As Counsel For Defendants.

To evaluate good cause, courts often weigh "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Bodden v. Trans Union, LLC*, No. CV 20-2286 PSG (KSX), 2020 WL 8028816, at *1 (C.D. Cal. Nov. 16, 2020).

The Firm is constrained by the California Rules of Professional Conduct and the California Business & Professions Code from providing details regarding its reasons for withdrawal in a public filing. *See* CRPC 1.16, Comment 4 ("Lawyers must comply with their obligations to their clients under Business and Professions Code section 6068, subdivision (e)," which requires counsel to "maintain inviolate the confidence, and . . . to preserve the secrets, of his or her client."); *Page v. Stanley*, No. 2:11-CV-02255-CAS, 2014 WL 2472248, at *2 n.3 (C.D. Cal. June 2, 2014) (recognizing that "counsel is obligated to 'not reveal [their client's] confidences'") (citations omitted).

However, should the Court require further information to assess the Firm's application, the Firm respectfully requests that the Court hold an *in camera* hearing at which the Firm may provide such detail. *See, e.g.*, *Marshall v. Costco Wholesale Corp.*, No. 8:21-CV-01726MEMF- (DFMX), 2022 WL 17078204, at *1 (C.D. Cal. Aug. 16, 2022) (noting that "the Court, *in camera*, inquired of [counsel] regarding his communications with his client and the reason for his request to withdraw"); *Est. of Risher v. City of Los Angeles*, No. EDCV 17-00995-MWF (KKX), 2021 WL 8918500, at *1 (C.D. Cal. Oct. 28, 2021) (noting that "a portion of the hearing was held *in camera* so the Court could assess the merits of the request while preserving [the] attorney-client privilege").

**1. There Are Compelling Reasons Supporting Withdrawal.**

"In assessing the reasons for withdrawal, the Court looks to the California Rules of Professional Conduct." *United States v. Orthopedic All., LLC*, No. CV 16-3966 MWF (SKX), 2022 WL 2276371, at *1 (C.D. Cal. Jan. 24, 2022); *see also U.A. Local 342 Joint Labor-Mgmt. Comm. v. S. City Refrigeration, Inc.*, No. C-09-3219 JCS, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010) ("[C]ourts look to the standards of professional conduct required of members of the State Bar of California in determining whether counsel may withdraw representation"). The California Rules of Professional Conduct permit withdrawal where any of a number of

conditions are present; in the current matter, several of them apply. Specifically, counsel may withdraw when "the client …. renders it unreasonably difficult for the lawyer to carry out the representation effectively" or "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation." CRPC 1.16(b)(4), (b)(5). The Firm seeks to withdraw under each of these provisions.

*First*, the Firm seeks to withdraw because Defendants have failed to comply with material terms of the engagement agreement between the Firm and Defendants by failing to pay the Firm's invoices, despite notice of the breaches. (Rhow Decl. ¶¶ 3-5 .) Courts in this district recognize this as a basis for withdrawal. *See, e.g.*, *STO Home Delivery Inc. v. Blue Package Delivery, LLC*, No. 2:19-CV-00314-SB-JEM, 2021 WL 2594822, at *2 (C.D. Cal. Jan. 26, 2021) (permitting withdrawal because the client "received ample notice of their breach of the retainer agreement"); *Stewart v. Boeing Co.*, 2013 WL 3168269, at *2 (C.D. Cal. June 19, 2013) (granting withdrawal when "Plaintiff ha[d] failed to pay the outstanding balance for his legal representation"); *Privacywear, Inc. v. QTS & CTFC, LLC*, No. EDCV 07-1532 VAP (OPX), 2010 WL 11509227, at *2 (C.D. Cal. Apr. 21, 2010) (permitting withdrawal as to one client because "the clients are . . . in breach of an attorney-client agreement").

*Second*, the Firm seeks to withdraw because by breaching the engagement agreement Defendants have rendered it unreasonably difficult for the firm to carry out the representation effectively. (Rhow Decl. ¶ 4.) Courts in this district recognize this as a basis for withdrawal. *See, e.g.*, *A&I Transport, Inc., v. KG Administrative Servs., Inc.*, Case No. 8:19-cv-01992-SB (ADSx), 2020 WL 12584433 (C.D. Cal. Nov. 6, 2020) (permitting withdrawal based on CRPC 1.16(b)(4)).

**2. Withdrawal Will Not Harm The Administration Of Justice.**

The Firm's withdrawal will not harm the administration of justice. The Firm's ability to advance an effective resolution of the case has been severely hindered by Defendants' failure to comply with the terms of the engagement agreement. (Rhow Decl. ¶ 4.) Defendants have been given notice of the Firm's intent to withdraw and Defendants can retain new counsel. Under these circumstances, the administration of justice will not be harmed by allowing withdrawal. *See, e.g.*, *Doe v. Compania Panamena de Aviacion*, No. CV 21-2536 PSG (PLAX), 2022 WL 17080154, at *2 (C.D. Cal. Sept. 22, 2022) (finding no harm to the administration of justice, explaining that "the Court is hard pressed to find that continued representation …. would be in either party's best interests or materially advance an effective resolution of the action").

**3. Withdrawal Will Not Delay The Resolution Of The Case Or Prejudice The Other Litigants.**

The Firm's withdrawal will not delay the resolution of the case or prejudice the other litigants because there are no impending deadlines in this case. Trial is set to begin on January 25, 2028, and fact discovery cutoff date is May 6, 2027. (*See* Order re: Stipulation and Other Proceedings, ECF No. 109.) There is therefore ample time for Defendants to retain new counsel, and for new counsel to get up to speed before they face any court deadlines. Indeed, courts in this district have permitted withdrawal far closer to trial date. *See, e.g.*, *Saemie Corp. v. Coddington*, SACV 10-1251 DOC PJWx, 2011 WL 4964834, at *2 (C.D. Cal. Oct. 19, 2011) (permitting withdrawal six months prior to trial date); *Bodden*, 2020 WL 8028816, at *2 (permitting withdrawal two months before the discovery cutoff and five months before trial, explaining that withdrawal allows the client "adequate time to retain and prepare new counsel before the trial date"). There is more than adequate time for new counsel to handle discovery matters. Furthermore, withdrawal will not delay resolution of the case or prejudice the other litigants.

**B. The Firm Has Provided The Requisite Notice To Defendants.**

The California Rules of Professional Conduct require counsel to take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel . . ." CRCP 1.16(d). Consistent with this professional obligation, the Local Rules further require counsel seeking to withdraw from representing an organization to notify the organization in writing of the consequences of its inability to appear *pro se*. L.R. 83-2.3.4. The Firm has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of Defendants, including by giving Defendants ample notice of its intent to withdraw to allow them to retain new counsel, and informing the entity Defendants in writing of the consequence of their failure to do so. (Rhow Decl. ¶¶ 6-8.)

## III. CONCLUSION

For the foregoing reasons, good cause exists to allow the Firm to withdraw as counsel of record for Defendants in this action, and such withdrawal will neither prejudice Defendants or the other litigants, harm the administration of justice, nor delay the proceedings. Moreover, the Firm has provided Defendants with adequate notice as required under the Local Rules. Accordingly, the Court should grant the Firm's application to withdraw as counsel.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DATED: July 9, 2026

Respectfully submitted,

Ekwan E. Rhow
Sharon Mayer
Alexander H. Tran
Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP

By: *Ekwan E. Rhow*
Ekwan E. Rhow
Attorneys for Defendants Unique Medi Tech LLC, d/b/a Mammoth Dx, Mammoth Path Solution, LLC, Mammoth Rx, Inc. and Ryan Hilton

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Defendants Unique Medi Tech LLC, d/b/a Mammoth Dx, Mammoth Path Solution, LLC, Mammoth Rx, Inc. and Ryan Hilton ("Defendants") certifies that this brief contains 1,526 words, which complies with the word limit of L.R. 11-6.1. Pursuant to section IV.A.1.5 of Judge Olguin's Initial Standing Order, Defendants' undersigned counsel further certifies that he has reviewed all source materials cited and verified the accuracy of any AI-generated content.

DATED: July 9, 2026

Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP

By: */s/ Ekwan E. Rhow*

Ekwan E. Rhow
Attorneys for Defendants Unique Medi Tech LLC, d/b/a Mammoth Dx, Mammoth Path Solution, LLC, Mammoth Rx, Inc. and Ryan Hilton