Ekwan E. Rhow - State Bar No. 174604
erhow@birdmarella.com
Sharon Mayer - State Bar No. 212862
smayer@birdmarella.com
Alexander H. Tran - State Bar No. 338940
atran@birdmarella.com
Melissa C. Decker – State Bar No. 330062
mdecker@birdmarella.com
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants Unique Medi Tech LLC, d/b/a Mammoth Dx, Mammoth Path Solution, LLC, Mammoth Rx, Inc. and Ryan Hilton

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Epic Systems Corporation; OCHIN, Inc.; Reid Hospital & Health Care Services, Inc. d/b/a Reid Health; Trinity Health Corporation; and UMass Memorial Health Care, Inc.,

Plaintiffs,

v.

Health Gorilla, Inc.; RavillaMed PLLC; Avinash Ravilla; Shere Saidon; LlamaLab, Inc.; Unique Medi Tech LLC, d/b/a Mammoth Dx; Mammoth Path Solution, LLC; Mammoth Rx, Inc.; Ryan Hilton; Daniel Baker; Max Toovey; Unit 387 LLC; SelfRx, LLC d/b/a Myself.Health; Critical Care Nurse Consultants, LLC d/b/a GuardDog Telehealth; Hoppr, LLC; Meredith Manak, and DOES 1-100,

Defendants.

CASE NO. 2:26-cv-00321-FMO-RAO
Assigned to Hon. Fernando M. Olguin
Courtroom: 6D

**BIRD, MARELLA, RHOW, LINCENBERG, DROOKS & NESSIM, LLP'S AND ALL OF ITS COUNSEL OF RECORD'S EX PARTE APPLICATION FOR A RULING ON THEIR MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS UNIQUE MEDI TECH LLC, D/B/A MAMMOTH DX, MAMMOTH PATH SOLUTION, LLC, MAMMOTH RX, INC. AND RYAN HILTON**

*[Filed Concurrently with Declaration of Sharon Mayer and [Proposed] Order]*

Date: TBD
Time: TBD
Crtrm.: 6D

Action Filed: January 13, 2026

Trial Date: January 25, 2028

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rules 7-19 and 7-19.1 and this Court's procedures governing *ex parte* applications, Bird, Marella, Rhow, Lincenberg, Drooks & Nessim, LLP and all of its counsel of record in this matter—Ekwan E. Rhow, Sharon Mayer, Alexander H. Tran, and Melissa C. Decker (collectively, the "Firm")—hereby apply *ex parte* for an order requiring that the Firm's Motion to Withdraw as Counsel for Defendants Unique Medi Tech LLC, d/b/a Mammoth Dx, Mammoth Path Solution, LLC, Mammoth Rx, Inc., and Ryan Hilton (collectively, the "Mammoth Defendants") (ECF No. 118) (the "Motion") be ruled upon without further delay.

Good cause exists for this relief. The Motion was filed on July 9, 2026, and was not opposed, but the hearing on the Motion was continued three times on the Court's own motion—from August 13 to September 10, then to September 24, and then to October 22, 2026. (ECF Nos. 121, 125, 128.) In the meantime, there has been a complete breakdown in the attorney-client relationship and the Mammoth Defendants have not substantively communicated with the Firm since May 2026.

Yet the Firm remains counsel of record, and Plaintiffs have been actively pressing discovery against the Mammoth Defendants and threatening to file a motion to compel. Most recently, on October 9, 2026, Plaintiffs demanded an in-person Local Rule 37-1 conference before October 19, announced their intent to move to compel and to seek spoliation sanctions, and took the position that the Firm must continue to litigate discovery on the Mammoth Defendants' behalf even without contact with its clients. The Firm cannot do so without instructions and authority from its clients. Every day the Motion remains undecided exposes the Firm to potential sanctions and malpractice liability through no fault of its own.

The Firm understands that the continuances of the hearing on its Motion may

be connected to the pendency of transfer of this action to MDL No. 3193. But those proceedings do not limit this Court's jurisdiction to decide pending motions, and they have no bearing on the Firm's Motion: whether this case remains with this Court or is transferred, the Firm must withdraw.

**Local Rule 7-19 Statement.** The names, addresses, telephone numbers, and email addresses of counsel for the parties are as follows:

*Counsel for Plaintiffs:* Marshall L. Baker, Anthony T. Pierce, Lauren E. Huennekens, Laura E. Hill, Caroline L. Wolverton, and Mark R. Herring, Akin Gump Strauss Hauer & Feld LLP, 1999 Avenue of the Stars, Suite 600, Los Angeles, California 90067; Tel. (310) 229-1000; mbaker@akingump.com; apierce@akingump.com; lhuennekens@akingump.com; lhill@akingump.com; cwolverton@akingump.com; mherring@akingump.com.

*Counsel for Defendant Health Gorilla, Inc.:* Adam B. Wolfson, Ryan S. Landes, David M. Elihu, and Julia Sun Choe, Quinn Emanuel Urquhart & Sullivan, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017; Tel. (213) 443-3000; adamwolfson@quinnemanuel.com; ryanlandes@quinnemanuel.com; davidelihu@quinnemanuel.com; juliachoe@quinnemanuel.com.

*Counsel for Defendants RavillaMed PLLC, Avinash Ravilla, Shere Saidon, and LlamaLab, Inc.:* James C. Wald, Nelson Mullins Riley & Scarborough LLP, Pacific Gateway, 19191 South Vermont Avenue, Suite 900, Torrance, California 90502; Tel. (424) 221-7400; james.wald@nelsonmullins.com. Brook B. Andrews (*pro hac vice*), Nelson Mullins Riley & Scarborough LLP, 1320 Main Street, 17th Floor, Columbia, South Carolina 29201; Tel. (803) 255-5508; brook.andrews@nelsonmullins.com. Joshua A. Redelman (*pro hac vice*), Nelson Mullins Riley & Scarborough LLP, 1111 Bagby Street, Suite 2100, Houston, Texas 77002; Tel. (346) 646-5889; josh.redelman@nelsonmullins.com.

*Counsel for Defendants Unit 387 LLC, Hoppr, LLC, and Meredith Manak:*

Christopher J. Petersen, Alycia S. Tulloch, Mark L. Johansen, and Neakzaad Layne Horriat, Blank Rome LLP, 2029 Century Park East, 6th Floor, Los Angeles, California 90067; Tel. (424) 239-3400; chris.petersen@blankrome.com; alycia.tulloch@blankrome.com; mark.johansen@blankrome.com; neak.horriat@blankrome.com.

*Counsel for Defendant Max Toovey:* Nithin Kumar, Kingfisher Law APC, P.O. Box 492415, Los Angeles, California 90049; Tel. (408) 930-3580; nithin@kingfisherlawapc.com.

*Counsel for Defendant Daniel Baker:* Peter C. Bronstein, 2121 Avenue Of The Stars, Ste 800, Los Angeles, CA 90067-5080, (310) 203-2249 at peterbronz@yahoo.com.

*Mammoth Defendants (the Firm's clients):* Ryan Hilton, individually and on behalf of Unique Medi Tech LLC, Mammoth Path Solution, LLC, and Mammoth Rx, Inc., at ryan@mammothrx.com.

**Notice.** On October 15, 2026 at approximately 10:30 a.m., the Firm provided notice of this Application to Plaintiffs' counsel by voicemail message and to all counsel of record by email and advised them of the substance of the relief sought and that any opposition must be filed within twenty-four (24) hours (or one court day) of service. Declaration of Sharon Mayer ("Mayer Decl.") ¶ 8. The Firm also provided notice of the application to the Mammoth Defendants. *Id.* ¶ 9. The Firm requested that any Party intending to oppose the Application notify the Firm by 12:00 p.m.. Plaintiffs' counsel notified the Firm that it does not intend to oppose the requested relief. At the time of this filing, no other party has indicated its intent to oppose this Application. This Application will be served on all parties by ECF immediately upon filing, and on the Mammoth Defendants by email.

This Application is based on this Application, the attached Memorandum of Points and Authorities, the Declaration of Sharon Mayer and the exhibits thereto, the Motion and the Declaration of Ekwan E. Rhow filed in support thereof (ECF Nos.

118, 118-1), the pleadings and records on file in this action, and such other matters as the Court may consider.

DATED: October 15, 2026

Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP

By: /s/ Sharon Mayer

Sharon Mayer
Attorneys for Defendants Unique Medi Tech LLC, d/b/a Mammoth Dx, Mammoth Path Solution, LLC, Mammoth Rx, Inc. and Ryan Hilton

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Firm asks the Court for one thing: a decision on its Motion to Withdraw. The Motion was filed more than three months ago and no party has opposed it. The grounds for withdrawal have only grown stronger since July. Since the Motion was filed there has been a complete breakdown in the attorney-client relationship. Notwithstanding the Firm's efforts to communicate with its clients the Mammoth Defendants have become completely non-responsive. The Firm is therefore counsel of record in name only: the Firm has no instructions from its client, no client authority, and no ability to advance the litigation on behalf of its client.

That posture has become untenable. Plaintiffs have been pressing forward with discovery against the Mammoth Defendants, and most recently have demanded an in-person Local Rule 37-1 conference to discuss their grievances with Mammoth's discovery responses. They have announced that they will seek orders compelling production and imposing spoliation sanctions. Plaintiffs have also told the Firm, in writing, that its pending Motion does not excuse it from engaging in discovery, citing a decision in which counsel with a pending withdrawal motion was sanctioned for failing to participate in discovery. The Firm is thus caught between a client that has disappeared and an adversary that threatens to seek punishment against the Firm for its inability to act. Each additional continuance prolongs the Firm's exposure to sanctions and malpractice liability for a representation it cannot meaningfully carry out.

The Firm recognizes that the Court may have continued the hearing due to the pending motion to transfer before the Judicial Panel on Multidistrict Litigation ("JPML"). But the pendency of those proceedings does not limit this Court's authority to decide pending motions, and the outcome of those proceedings will not change the answer here. Whether or not the case is transferred, the Firm must withdraw. The Court therefore should decide the Motion now.

## II. BACKGROUND

### A. The Firm Moves to Withdraw After the Mammoth Defendants Stop Paying and Stop Responding

The Firm began representing the Mammoth Defendants in January 2026 under a written engagement agreement requiring prompt payment of invoices. (ECF No. 118-1 ("Rhow Decl.") ¶¶ 2-3.) The Mammoth Defendants repeatedly failed to pay. (*Id.* ¶ 4.) Beginning in May 2026, the Firm warned them on multiple occasions that it would withdraw unless they paid. Around that time, the Mammoth Defendants stopped communicating with the Firm. (Declaration of Sharon Mayer ("Mayer Decl.") ¶ 3.) The Firm filed the Motion on July 9, 2026, noticing it for hearing on August 13, 2026. (ECF No. 118.) The Motion seeks withdrawal under California Rules of Professional Conduct 1.16(b)(4) and (b)(5) based on the Mammoth Defendants' breach of the engagement agreement, and offers to provide additional detail *in camera* should the Court require it. (*Id.* at 5-6.) No party filed any Opposition to the Firm's Motion.

### B. The Court Continues the Hearing Three Times on Its Own Motion.

On August 10, 2026, the JPML entered a conditional transfer order (CTO-1) in *In re Health Gorilla, Inc., Data Security Breach Litigation*, MDL No. 3193, that included this action. (ECF No. 124.) That same day, on its own motion, the Court continued the hearing on the Motion to September 10, 2026, and ordered the Firm to give the Mammoth Defendants notice of the new date. (ECF No. 121.) The Court thereafter continued the hearing on its own motion to September 24, 2026 (ECF No. 125), and then, again on its own motion, to October 22, 2026 (ECF No. 128). The Firm served notice of each continuance on the Mammoth Defendants and filed proofs of service. (ECF Nos. 122-123, 126-127, 129-130.)

### C. The Mammoth Defendants Remain Unresponsive While Plaintiffs Escalate Discovery Demands.

Since May 2026, the Mammoth Defendants have not responded to the Firm's communications and, with the exception of one instance, have not communicated with the Firm at all. Nor have they paid any of the Firm's outstanding invoices. (*See* Mayer Decl. ¶¶ 2-5.)

Meanwhile, Plaintiffs have continued to press discovery against the Mammoth Defendants. Because the Firm has no instructions from its clients, it informed Plaintiffs on September 24, 2026, that it lacked authority to agree to the magistrate judge's informal discovery-dispute procedure or to stipulate to an extension of case deadlines. (Mayer Decl. ¶ 6, Ex. A at 1-2.) On October 9, 2026, Plaintiffs sent the Firm a ten-page letter requesting a prefiling conference under Local Rule 37-1 and asking the Firm to provide dates before Monday, October 19, 2026, to meet in person at Plaintiffs' counsel's office. (*Id.*, Ex. B at 1.) The letter identifies five discovery disputes, states that Plaintiffs intend to seek orders compelling the Mammoth Defendants to produce documents and sanctioning them for alleged spoliation, and asks the Firm to answer detailed questions about the Mammoth Defendants' document collection and the circumstances under which certain third-party servers were shut off. (*Id.* at 2-9.)

Plaintiffs' letter also states that they "respectfully disagree" that the pending Motion permits the Firm's "disengagement" from discovery, and cites authority holding that counsel remains obligated to participate in discovery until a withdrawal motion is granted—including a decision from this District that sanctioned counsel on that basis. (*Id.* at 1-2 (citing, *inter alia*, *Koninklijke Philips Elecs. N.V. v. Power Media CD Tek*, 2008 WL 11342851, at *2-3 (C.D. Cal. Feb. 6, 2008)).) Plaintiffs further state that they cannot rely on an extension of the case schedule and therefore "must press forward with discovery." (*Id.* at 2.)

## III. ARGUMENT

### A. Legal Standard.

*Ex parte* relief is appropriate where (1) the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) the moving party is without fault in creating the crisis that requires ex parte relief, or the crisis occurred as a result of excusable neglect. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Because a showing of irreparable prejudice generally requires some reference to the merits of the underlying motion, the moving party should also show that the underlying motion is meritorious. *Id.*

This Application is unusual in one respect: the Firm is not asking to bypass regular noticed motion procedures. It has already complied with them. The Motion was filed more than three months ago. The Firm seeks only a ruling on that fully noticed Motion, whether with a hearing as currently scheduled for October 22, 2026 or on the papers, as Local Rule 7-15 permits.

### B. The Firm Will Suffer Irreparable Prejudice Absent a Prompt Ruling.

*First,* continued delay exposes the Firm to potential sanctions. Plaintiffs have now demanded a Local Rule 37-1 conference to take place within days and have announced forthcoming motions to compel and for spoliation sanctions. They even cited a case in which sanctions were awarded against an attorney while a motion to withdraw was pending. But the Firm cannot meaningfully meet and confer, produce documents, verify discovery responses, answer Plaintiffs' factual questions, or take positions on behalf of clients that have not substantively communicated with it in five months. The Firm is thus being asked to discharge obligations that its clients have made impossible to discharge, and to bear the consequences if it cannot.

*Second,* continued delay exposes the Firm to malpractice liability. Every decision in this litigation—whether to agree to informal discovery procedures,

whether to stipulate to schedule changes, and what positions to take in discovery—requires client input. The Firm, for example, cannot investigate the spoliation allegations without being able to communicate with its clients. The Firm therefore must either decline to act or act without authority, and either path risks either Court sanctions or a later malpractice claim that the Firm failed to protect its clients' interests. The Firm should not be required to shoulder that exposure indefinitely for clients that have abandoned the representation and their engagement with the Firm.

*Third,* the Firm is being compelled to continue providing legal services without compensation, with no end in sight. The Mammoth Defendants have not paid the Firm in months (Rhow Decl. ¶¶ 4–5; Mayer Decl. ¶ 4), and the burdens of the representation are increasing, not decreasing, as Plaintiffs escalate discovery. Courts in this District recognize nonpayment as a basis for withdrawal precisely because counsel should not be required to finance a client's litigation. *See STO Home Delivery Inc. v. Blue Package Delivery, LLC*, 2021 WL 2594822, at *2 (C.D. Cal. Jan. 26, 2021); *Stewart v. Boeing Co.*, 2013 WL 3168269, at *2 (C.D. Cal. June 19, 2013). Moreover, California Rule of Professional Conduct 1.16(b)(5) permits withdrawal when a client breaches a material term of an agreement, like failing to make payment for legal services after reasonable warning. *Wimbledon Fund SPC (Class TT) v. Graybox, LLC*, 2017 WL 2841325, at *2 (C.D. Cal. June 30, 2017).

None of this prejudice can be remedied after the fact. A future order permitting withdrawal will not mitigate the Firm's exposure to malpractice liability or any sanction order against the Firm, and the time that the Firm spends responding to Plaintiffs' discovery issues and threatened motion to compel will go uncompensated for. And if the case is transferred before the Motion is decided, the Firm will have to re-file in the transferee court and wait for yet another briefing schedule and hearing, thus extending its exposure by months.

### C. The Firm Did Not Create the Need for *Ex Parte* Relief.

The Firm has acted diligently at every step. It warned its clients repeatedly

beginning in May, gave them written notice of the consequences of failing to retain new counsel as Local Rule 83-2.3.4 requires, notified Plaintiffs, and filed the Motion promptly. (Rhow Decl. ¶¶ 5-8.) Each continuance was entered by the Court on its own motion, and the Firm promptly served notice of each new date on its clients. (ECF Nos. 121-123, 125-130.) The need for *ex parte* relief arises not from any delay by the Firm, but from Plaintiffs' escalated discovery activity and threats directed at the Mammoth Defendants and the Firm. Under this Court's posted procedures, the Firm may not contact the courtroom deputy to inquire about the status of the Motion; this Application is therefore the only appropriate vehicle to bring these developments to the Court's attention.

**D. The Pending Transfer Proceedings Provide No Reason to Defer a Ruling.**

The pendency of a motion, order to show cause, or conditional transfer order before the JPML "does not affect or suspend orders and pretrial proceedings" in the district court and "does not limit the pretrial jurisdiction of that court." J.P.M.L. R. 2.1(d). Accordingly, "a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Deciding the Motion now is particularly appropriate because the transfer question has no bearing on it. The Motion turns entirely on the relationship between the Firm and its clients. Their failure to pay and their failure to communicate are the same in any forum. There is no risk of inconsistent rulings and no efficiency to be gained by waiting; to the contrary, deferral would require a transferee court to familiarize itself with a matter that is fully submitted before this Court. And a prompt ruling will benefit the transferee court, if any, by ensuring that the record accurately reflects the state of the Mammoth Defendants' representation when the action arrives.

**E. The Motion Is Meritorious, and Withdrawal Will Not Prejudice Any Party.**

As set forth in the Motion, good cause for withdrawal exists under California Rules of Professional Conduct 1.16(b)(4) and (b)(5): the Mammoth Defendants breached a material term of their engagement agreement after reasonable warning, and their conduct has rendered it unreasonably difficult for the Firm to carry out the representation effectively. (ECF No. 118 at 5-6; Rhow Decl. ¶¶ 3-7.) Moreover, the Mammoth Defendants' non-responsiveness and failure to communicate with counsel have made it impossible for the Firm to carry out their representation. Should the Court require further information, the Firm remains prepared to provide it *in camera* to protect privileged and confidential client information. (ECF No. 118 at 5.)

Withdrawal also will not prejudice the other litigants, harm the administration of justice, or delay resolution of the case. *See Bodden v. Trans Union, LLC*, No. CV 20-2286 PSG (KSx), 2020 WL 8028816, at *1 (C.D. Cal. Nov. 16, 2020). Trial is set for January 25, 2028, and fact discovery does not close until May 6, 2027. (ECF No. 109.) If anything, a prompt ruling will *advance* the case. Plaintiffs have complained of a "void of information" regarding the Mammoth Defendants. (Mayer Decl., Ex. B at 2.) Granting the Motion will end the current limbo, in which Plaintiffs are directing discovery demands to counsel that has no client authority, and will allow Plaintiffs and the Court to deal directly with Mr. Hilton or the Mammoth Defendants' new counsel. Continued delay, by contrast, serves no one. Indeed, Plaintiffs do not oppose this application.

## IV. CONCLUSION

For the foregoing reasons, the Firm respectfully requests a timely ruling on its Motion to Withdraw (ECF No. 118), without further continuances.

DATED: October 15, 2026

Respectfully Submitted,

Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP

By: /s/ Sharon Mayer

Sharon Mayer
Attorneys for Defendants Unique Medi Tech LLC, d/b/a Mammoth Dx, Mammoth Path Solution, LLC, Mammoth Rx, Inc. and Ryan Hilton

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for Defendants Unique Medi Tech LLC, d/b/a Mammoth Dx, Mammoth Path Solution, LLC, Mammoth Rx, Inc. and Ryan Hilton ("Defendants") certifies that this brief contains 2,212 words, which complies with the word limit of L.R. 11-6.1. Pursuant to section IV.A.1.5 of Judge Olguin's Initial Standing Order, Defendants' undersigned counsel further certifies that she has reviewed all source materials cited and verified the accuracy of any AI-generated content.

DATED: October 15, 2026

Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP

By: /s/ Sharon Mayer

Sharon Mayer
Attorneys for Defendants Unique Medi Tech LLC, d/b/a Mammoth Dx, Mammoth Path Solution, LLC, Mammoth Rx, Inc. and Ryan Hilton